UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES HARDISON                                                                           PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:12-CV-187-S

TIMOTHY DENISON et al.                                                                DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff, James Hardison, unrepresented by counsel, filed a complaint based on diversity jurisdiction alleging, among other things, legal malpractice arising from representation on federal charges which resulted in his conviction (DN 1). He sues attorneys Timothy Denison, Dennis C. Burke, and Rick Hessig. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

I.

Plaintiff brings this diversity action alleging that he is a resident of Pennsylvania because he is incarcerated in federal prison there and that Defendants are residents of Kentucky. He alleges that while he was a resident of Kentucky[1] he entered into an agreement with Defendant Denison to represent him in his criminal case on or about January 1, 2007, and that in October 2007, a federal jury in the district court for the Western District of Kentucky found him guilty of wire fraud and identity theft. He states that on or about January 15, 2008, he and Defendant

---

[1] His complaint alleges that he was a resident of Jefferson County, Kentucky, during the pre-trial, trial, and sentencing stages of his criminal case. He alleges that he "was a resident of Union County, Pennsylvania (LSCI-Allenwood) at all times during the post-conviction stage" of his criminal case.

Denison entered into another contract for representation for his appeal and an "appeal" to the U.S. Supreme Court. Plaintiff asserts that on or about May 5, 2011, he "became aware of Timothy Denison's negligence in his case by reading legal materials in the prison law library." In May 2011, Plaintiff filed a 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence based on ineffective assistance of counsel Denison.[2] On April 9, 2012, Plaintiff filed the instant action.

Plaintiff's complaint alleges violations of various Kentucky laws. As relief, he asks for, among other things, $2,500,000 in compensatory damages against each Defendant and $5,000,000 in punitive damages against each Defendant.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction. *Heartwood, Inc. v. Agpaoa*,

---

[2] The § 2255 action is still pending in the district court for the Western District of Kentucky.

628 F.3d 261, 266 (6th Cir. 2010) (internal quotation marks and citation omitted).  The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.

Diversity jurisdiction requires that the parties be citizens of different states and the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a).  Diversity of citizenship is determined at the time the action is filed.  *See Pilling v. Virginia Property & Cas.*, 95 F. App'x 126, 128 (6th Cir. 2004).

For the purpose of diversity jurisdiction, a person's citizenship is his "domicile."  *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere."  *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (citations omitted).  "A prisoner does not acquire a new domicile when he or she is incarcerated in a different state; instead, he or she maintains his or her pre-incarceration domicile."  *Purdom v. Gettleman*, No. 08–CV–7–JMH, 2008 WL 695258, at *3 (E.D. Ky. Mar. 12, 2008).  However, the presumption that the prisoner retains his former domicile even after incarceration is rebuttable.  *See Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001) (explaining that "there is a rebuttable presumption that a prisoner retains his former domicile after incarceration").

Although Plaintiff alleges that he has been a resident of Pennsylvania since being

incarcerated there, he does not rebut the presumption that he is still domiciled in Kentucky.

Therefore,

**IT IS ORDERED** that **within 30 days** of entry of this Order Plaintiff show cause why this case should not be dismissed for lack of jurisdiction.

Date: August 10, 2012

                                              **Charles R. Simpson III, Judge**
                                              **United States District Court**

cc:     Plaintiff, *pro se*
          Defendants
4411.009