UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES HARDISON                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:12-CV-P187-S

TIMOTHY DENISON et al.                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff James Hardison filed a *pro se* complaint based on diversity jurisdiction alleging, among other things, legal malpractice arising from representation on federal charges which resulted in his conviction.  At the time of filing the complaint and continuing until the present, Plaintiff has been incarcerated in Pennsylvania.  Before his incarceration he resided in Kentucky.  He sues Kentucky attorneys Timothy Denison, Dennis C. Burke, and Rick Hessig.

On preliminary review of the complaint under 28 U.S.C. § 1915, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction because, although Plaintiff alleged that he has been a resident of Pennsylvania since being incarcerated there, he had not rebutted the presumption that he is still domiciled in Kentucky.  In response to the show-cause order, Plaintiff states that he is currently considered "'homeless – no residence'" by the Bureau of Prisons (BOP).[1]  He states that, were he released today, he "could not return to Louisville, Kentucky and have a place to reside."  He continues that he did intend to return to Kentucky prior to the "current economy issues" and reside with one of his parents, but that that opportunity has been foreclosed because siblings are now residing in the previously available

---

[1] His attached exhibit actually shows that BOP has completed a Supervision Release Plan form signed by Plaintiff indicating his address to be:  "HOMELESS NO RESIDENCE, LOUISVILLE, KY, 40299."

residences.  He states that the only options now available to him are to reside in Charleston,

South Carolina, or Gainesville, Florida, with his aunts.  He also states he may find employment

in Whiteland, Indiana, from a "close friend."  He states, "[n]eedless to say, any future guaranteed

place of residence is not truly established at this time."

As was explained in the show-cause order, it is axiomatic that federal district courts are

courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347

F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited

jurisdiction, possessing only that power authorized by the Constitution and statute.").

"Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so

doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assoc.,*

*Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract*

*Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  Moreover, federal courts have an

independent duty to determine whether they have jurisdiction and to police the boundaries of

their own jurisdiction.  *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010) (internal

quotation marks and citation omitted).  The party who seeks to invoke a federal district court's

jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*,

511 U.S. at 377.        "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction requires that the parties be citizens of different states and the

amount in controversy exceed $75,000.  28 U.S.C. § 1332(a).  Diversity of citizenship is

determined at the time the action is filed.  *See Pilling v. Virginia Prop. & Cas.*, 95 F. App'x 126,

2

128 (6th Cir. 2004).

For the purpose of diversity jurisdiction, a person's citizenship is his "domicile." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (citations omitted). "A prisoner does not acquire a new domicile when he or she is incarcerated in a different state; instead, he or she maintains his or her pre-incarceration domicile." *Purdom v. Gettleman*, No. 08-CV-7-JMH, 2008 WL 695258, at *3 (E.D. Ky. Mar. 12, 2008). However, the presumption that the prisoner retains his former domicile even after incarceration is rebuttable. *See Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001) (explaining that "there is a rebuttable presumption that a prisoner retains his former domicile after incarceration").

According to Plaintiff's response to the show-cause order, he no longer intends to return to Kentucky but he has no intention to stay in Pennsylvania. He offers three other states where he might go upon his release. He is not in any of those states now, and for all the Court knows he has never been in those states. He does not state that he has taken any actions to establish domicile in any of those states. Importantly, here, Plaintiff has undercut the allegation in his complaint that diversity jurisdiction exists because he resides in Pennsylvania. While it is not necessary, for purposes of diversity jurisdiction, that a person have an intent to live in a state permanently to establish himself as a citizen of that state, he cannot establish citizenship in a state when he has a present or fixed intent to move to another state upon the happening of a

reasonably certain event. *Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007);

*Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 351 (S.D.N.Y. 2003). "[A] person can only have one

domicile at a time for purposes of diversity jurisdiction – 'a previous domicile can not be lost

until another is adequately established.'" *Persinger v. Extendicare Health*, 539 F. Supp. 2d 995,

996 (S.D. Ohio 2008) (internal citations omitted); *see also Farmer v. Fisher*, 386 F. App'x 554,

557 (6th Cir. 2010) (per curiam). Thus, the fact that Plaintiff now resides in Pennsylvania, by

virtue of being incarcerated there, has not extinguished Kentucky as his domicile because

Plaintiff has no intention to remain in Pennsylvania once his incarceration ends.

Plaintiff has not rebutted the presumption that he is domiciled in Kentucky.

Consequently, diversity does not exist, and the Court does not have jurisdiction over this case.

By separate Order, the Court will dismiss this case for lack of subject-matter jurisdiction. *See*

Fed. R. Civ. P. 12(h)(3).

Date: December 19, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4411.009

4